IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WALLACE TAYLOR RUTHERFORD, JR.,     Case No. 3:15-cv-00476-SB

        Plaintiff,     **FINDINGS AND RECOMMENDATION**

v.

COMMISSIONER OF SOCIAL SECURITY,
and TELECARE CORPORATION,

        Defendants.

**BECKERMAN, Magistrate Judge.**

Plaintiff Wallace Taylor Rutherford, Jr. ("Plaintiff"), filed this *pro se* complaint against the above-named Defendants on March 23, 2015. Service of process has not yet occurred. Plaintiff has also filed an amended application to proceed *in forma pauperis*, and a motion for appointment of *pro bono* counsel. The Court grants Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 9). However, for the reasons explained below, the Court recommends that the district judge (1)

dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B), and (2) deny Plaintiff's motion for appointment of *pro bono* counsel.

## BACKGROUND

On March 23, 2015, Plaintiff filed this *pro se* complaint against the Commissioner of the Social Security Administration and Telecare Corporation in the United States District Court for the District of Oregon. (Compl. at 1.) Plaintiff lists his state citzenship as "treat paradiem [sic] enhanced benefit," and he lists the named defendants' state citizenship as "statutory paradiem [sic] minimum benefit." (Compl. at 3.) As to the basis for jurisdiction, Plaintiff alleges: "United States Congress[,] U.S. Senate[,] [and] U.S. House of Representatives ratified my State of Oregon Public Employees Retirement System . . . to change to more [sic] my Social Security and Medicare and Medicaid[.]" (Compl. at 3.) Under his statement of claims, Plaintiff alleges, *inter alia*, that he "paid for and completed for the reason of [his] life an enhanced benefit paradiem [sic] with matching funds from the State of Oregon and United States of America"; that Defendant falsified his "papers and benefits including [his] birth date at Oregon Department of Motor Vehicles"; and that his "birth date is May 27, 1933 [and his] name [is] Mr. Akona Wayne Sosué." (Compl. at 3-4.)

## LEGAL STANDARDS

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 1:13–cv–0390, 2014 WL

127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, stating a claim requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Along similar lines, a district court may dismiss a claim as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim may also be dismissed as frivolous where a defense is obvious on the face of the complaint. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

A.  **Plaintiff's Complaint**

After careful review, the Court concludes that Plaintiff's claims lack any arguable basis in law or in fact. Even when construing Plaintiff's claims with the liberality required under Ninth

Circuit case law, the Court finds the allegations to be confusing and nonsensical. *See Reeder v. Knapik*, No. 07-CV-362, 2008 WL 3843521, at *1 (S.D. Cal. Aug. 15, 2008) (explaining that a court may dismiss a *pro se* complaint "if the factual contentions are clearly baseless or nonsensical"); *Page v. Stanley*, No. 11–cv-02255, 2011 WL 3585970, at *2 (C.D. Cal. Aug. 16, 2011) (screening a *pro se* complaint based, in part, on the fact that the court found it to be "confusing and nonsensical"). Furthermore, Plaintiff has not alleged sufficient factual content to allow the Court to draw any inference that the Defendants are liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. Accordingly, the Court recommends that the district judge dismiss Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and give Plaintiff thirty days to file an amended complaint curing the noted deficiencies. If Plaintiff fails to file a timely amended complaint, a judgment should be entered dismissing this case with prejudice.[1]

## B.    Plaintiff's Request for *Pro Bono* Counsel

Plaintiff's motion for appointment of *pro bono* counsel should be denied. Although there is generally no constitutional right to appointment of counsel in a civil case, *United States v. $292,888.04*, 54 F.3d 564, 569 (9th Cir. 1995), this Court has discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of

---

[1] Plaintiff has filed two related complaints in this court, alleging similar claims and naming overlapping defendants. *See* Case No. 3:15-cv-00553-SB and Case No. 3:15-cv-00639-SB. This Court has recommended that the district judge assigned to those cases dismiss the complaints, without prejudice to prosecute those claims under this (first-filed) case number.

Page 4 - FINDINGS AND RECOMMENDATION

the complexity of the legal issues involved.'" *Agyeman v. Corrections. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn*, 789 F.2d at 1331).

Based on the pleadings reviewed by the Court to date, it appears that Plaintiff is unlikely to succeed on the merits of his claims. Moreover, the Court cannot make an accurate assessment of the complexity of the legal issues involved, given the nature of the allegations in complaint. An amended pleading that cures the noted deficiencies will shed further light on this issue. Accordingly, the Court finds that exceptional circumstances do not currently exist to support the appointment of *pro bono* counsel. The Court recommends denial of Plaintiff's motion for appointment of *pro bono* counsel, with leave to re-file the motion if the case progresses beyond the screening stage.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 9), and recommends that the district judge dismiss Plaintiff's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny Plaintiff's motion for appointment of *pro bono* counsel (ECF No. 10). Plaintiff should also be given thirty days to file an amended complaint curing the noted deficiencies. If Plaintiff fails to file a timely amended complaint, the district judge should enter judgment dismissing this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed,

Page 5 - FINDINGS AND RECOMMENDATION

the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

    Dated this 8th day of July, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge